IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SOUTH MISSISSIPPI ELECTRIC POWER
ASSOCIATION,                                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:14-CV-278-DMB-SAA

M&D COATINGS, INC.,                                                                    DEFENDANT

**ORDER**

Defendant M&D Coatings, Inc. ("M&D") has moved to compel production of various documents and information from plaintiff South Mississippi Electric Power Association ("SMEPA") relating to the general operations and maintenance of a gas turbine that is the subject of this litigation. Docket 34. SMEPA challenges the motion on grounds that responses to the discovery requests are subject to a Confidentiality Agreement between itself and Siemens Energy, Inc. ("Siemens"), a non-party to this action. Docket 37. SMEPA claims responses to these requests would cause it to breach its contractual obligations with Siemens. *Id.*

M&D's original motion to compel stated that the contested issues regarded SMEPA's responses to M&D's Requests for Production of Documents Numbers 4, 6, 7, 8, 9, 15, 17, 18, 19, 23, 24, and 25. Docket 35. However, M&D's reply asserts that in addition to the previously mentioned Requests which are contested by SMEPA, Interrogatories Numbers 4, 5, 6, 17, and 18 are also at issue. Docket 38, p. 4-9. In virtually all contested instances, SMEPA objects to the discovery requests by stating that they are overly broad and irrelevant to the litigation at hand. Docket 37. However, SMEPA's response to the motion to compel provides no demonstration how or why these requests are overly broad or irrelevant and goes on to state that SMEPA neither intends nor desires to withhold responsive documents from M&D or any other party. Docket 37,

1

p. 1.  SMEPA appears simply to rely on the backdrop of its Confidentiality Agreement with Siemens and some loose reference to discussions between M&D and Siemens over a possible Protective Order to justify its position.  However, as has been discussed in this circuit as well as by this court, a failure to provide reasoning as to the basis for objections such as these is wholly insufficient.  *See McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Lafayette County v. Total Plan Services*, 2008 U.S. Dist. LEXIS 104967 (N.D. Miss. Sept. 8, 2008).

After reviewing the pleadings and all evidence presented, the court finds that the discovery sought is certainly relevant to this litigation and is indeed reasonably directed to the discovery of admissible evidence.  *See* FED. R. CIV. P. 26.  SMEPA's objections to the contrary, its contractual agreement with Seimens, cannot defeat its obligation to produce the requested information when it is necessary for the ends of justice in a court proceeding.  Accordingly, it is

**ORDERED**

that defendant's motion to compel is **GRANTED**.  Plaintiff is ordered to produce the information sought in the discovery requests identified in the defendant's motion to compel no later than August 14, 2015.  All documents subject to inspection and copying are to be made available at SMEPA's Batesville Station no later than August 14, 2015.  Defendant is advised that its access to any information provided under this Order is bound by SMEPA's confidentiality agreement with Siemens, except strictly for the purposes of and use this litigation.

This the 4th day of August, 2015.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE