IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SOUTH MISSISSIPPI ELECTRIC POWER
ASSOCIATION                                                                          PLAINTIFF

VS.                                                              CAUSE NO. 3:14-CV-278-DMB-SAA

M & D COATINGS, INC.                                                                DEFENDANT

# ORDER

Defendant M & D Coatings, Inc. ("M & D") seeks an order striking the opinions of plaintiff's expert Kenneth Smith, P.E. Docket 135. In this case, the court issued a Case Management Order on May 26, 2015 directing that the plaintiff to file its designation of experts no later than December 1, 2015. Docket 16. On November 10, 2015, the court extended plaintiff's expert designation deadline to January 4, 2016. Docket 61. Thus, the Federal Rules of Civil Procedure, the Uniform Local Civil Rules of this court and the Case Management Order in this case mandated that the plaintiff's experts have been designated and any designation fully supplemented no later than that date.

The relevant deadlines here are as follows:

    Plaintiff's designation of experts – January 4, 2016.

    Defendant's designation of experts – February 29, 2016.

    Discovery deadline – April 29, 2016.

    Trial date – October 31, 2016.

M & D contends that plaintiff did not produce Mr. Smith's supplemental report before the January 4, 2016 expert designation deadline. Docket 135. Plaintiff South Mississippi Electric Power Association ("SMEPA") responds that it complied with Rule 26 by providing

1

sufficient notice of the substance of his testimony to opposing counsel before Mr. Smith's deposition.

A party must disclose to other parties in the case the identity of any witnesses to plans to call at trial to present expert testimony. *See* Fed.R.Civ.P.R. 26(a)(2)(A). Under Rule 26(e)(2) supplementations of an expert's report are due "by the time [a] party's disclosures under Rule 26(a)(3) are due." Disclosures under Rule 26(a)(3) are due "at least thirty days before trial" "*[u]nless the court orders otherwise*." Fed.R.Civ.P. 26(a)(3) (emphasis added). In this case, of course, the court has ordered otherwise: the plaintiff's expert designation deadline was January 4, 2016. Docket 61.

As attorneys in this state should well know by now, this sort of expert designation is due with a party's *initial* disclosures, if available, and *at the latest* by the expert designation deadline. The penalty for failure to provide the information required by Rule 26(a) and the local rules is that the offending party is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1); U.L.Civ. R. 26(A)(2). This sanction is anticipated, according to the comment on the rule, to provide a strong inducement for disclosure of expert information which is anticipated to be used at any hearing, including the trial, by the deadline. Although this result may appear harsh, the court consistently reminds counsel at every case management conference that the expert designation deadline is the *last* date by which all information which a given party intends to introduce through an expert witness must be provided to the opposing parties as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and applicable local rules, or counsel is at risk of preclusion of any such information at trial. Moreover, the court always

verbally reminds counsel at the conference that if they encounter difficulties with obtaining the necessary expert information, they should contact the court immediately to obtain the court's assistance and to avoid the sanction of having designations stricken.

However, this language is tempered by other provisions in the court's local rules. Under U.L.Civ.P. 26(3), failure to make a timely disclosure is not an automatic "out;" the challenging party may not sit back and wait for deadlines to run before moving for sanctions or other relief. Under Local Rule 26(3):

> **Failure to Disclose:** If a party fails to make a disclosure required by this section, any other party must move to compel disclosure and for appropriate sanctions under FED.R.CIV.P. 37(a). . . . Challenges as to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived.

Untimely designation is only appropriate upon a showing of "just cause." Unif. Loc. R. 26(A)(2). The Fifth Circuit has provided four factors that must be considered when determining whether expert testimony may be stricken. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). The four factors are: (1) the explanation, if any, for the party's failure to comply with the order; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony. *Id*.

    *i.    SMEPA's explanation for failing to comply with the discovery order*

In its response, SMEPA offered no explanation for its failure to provide full expert disclosures by its expert designation deadline. This factor weighs strongly against SMEPA.

    *ii.    The prejudice to M & D of allowing Mr. Smith to testify*

SMEPA argues that M & D is not prejudiced by admitting Mr. Smith's supplemental

report because M & D was "aware" of the supplementation before Mr. Smith was deposed. As the Fifth Circuit has noted, even a minor delay in complying with disclosure requirements may disrupt an opponent's preparation for trial. *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (recognizing that a two-week delay in designating an expert witness was sufficient to disrupt the court's discovery schedule and opponent's preparation for trial). While M & D "might not suffer the degree of unfair surprise associated with the last-second designation of an unscheduled witness," *id.*, there is *some* prejudice inherent to being forced to make late adjustments in trial preparation. However, even though M & D asked SMEPA whether Smith intended to produce a supplemental report before the deposition, SMEPA did not respond to that inquiry. Because plaintiff did not tender Mr. Smith's supplemental report to M & D until either immediately before or after Smith's deposition, the amount of prejudice to M & D is appreciable. The court determines that the second factor weighs in favor of M & D.

      iii.     *The possibility of curing such prejudice by a continuance*

It is conceivable that a trial continuance could afford M & D additional time to depose Mr. Smith about the information in his supplemental report. However the failure here is the plaintiff's – the party who instituted this suit in 2014, a year and a half ago. SMEPA knew when it brought suit that it would be required to prove its case against the defendants by means of expert testimony. Presumably it would not have brought suit in the first place if it had not had reasonably certain expert information that the damages sought in this case are attributable to M & D. Because of the complexity of the issues in the case, the court set generous deadlines on the front end to avoid the very type of delay that a continuance would cause. This factor does not weigh in SMEPA's favor.

> iv. *The importance of Mr. Smith's testimony in his supplemental report*

Undoubtedly, Mr. Smith's opinions are important to SMEPA's case, especially in a complex case such and this. However, in the words of the Fifth Circuit, "[e]ven granting that the expert testimony [is] significant the importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996) (quotation marks and alterations omitted). Indeed, "the claimed importance of [SMEPA's] expert testimony merely underscores the need for [SMEPA] to have complied with the court's deadlines or at least informed the trial judge in advance if good faith compliance was not possible." *See id.*; *see also Hamburger v. State Farm Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

Additionally, statements made by SMEPA cause this court to question the significance of Mr. Smith's supplemental report to its case. For example, SMEPA asserts that "while Mr. Smith took wind measurements inside the chambers of the CT2 inlet structure during his February 29 visit, SMEPA has never offered the wind measurements for any purpose, including supplementing Mr. Smith's opinions or creating new ones." Docket 141, p. 4. In sum, the court determines that the testimony offered in Mr. Smith's supplemental report is not so important as to weigh in favor of admission, given SMEPA's failure to "compl[y] with the court's deadlines or at least inform [] the [court] in advance if good faith compliance was not possible." *Barret*, 95 F.3d at 381.

The court has ruled on this issue numerous times in the past, and it is well established in this district that supplementation is not allowed after the expert designation deadline unless counsel has sought the court's assistance before expiration of the deadline. Plaintiff's counsel

should be well familiar not only with the rules of the court but also with this judge's expectations of strict compliance with those rules to avoid this very scenario.

Even though the court does not condone M & D's waiting until the last moment to seek relief on this issue, after weighing the *Barrett* factors and considering the customs and local rules of this court, the court GRANTS IN PART defendant's motion to strike. Mr. Smith will be allowed to testify, *but only to the facts and opinions contained in his original report that was timely produced to defendant*. Mr. Smith's supplemental report, any *new* opinions contained in the supplemental report, and any testimony or evidence regarding Mr. Smith's February site visit, will not be allowed in the pretrial report or at trial. Defendant's *Daubert* challenge to Mr. Smith under the Rules of Evidence is reserved to the trial judge, and the motion to strike remains pending for resolution of the *Daubert* challenge by Judge Brown.

**SO ORDERED** this, the 7th day of June, 2016.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE